**Jude P. THOMAS, Appellant**

v.

**Warden DEROSA.**

No. 05–2724.

United States Court of Appeals, Third Circuit.

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 Oct. 14, 2005.

Decided Nov. 9, 2005.

Jude Patrick Thomas, Fort Dix, NJ, pro se.

Dorothy J. Donnelly, Office of United States Attorney, Trenton, NJ, for Warden DeRosa.

Before SLOVITER, MCKEE and FISHER, Circuit Judges.

OPINION

PER CURIAM

Jude P. Thomas appeals from an order of the United States District Court for the District of New Jersey, denying his petition for habeas corpus. In his petition, Thomas argued that the Bureau of Prisons (BOP) was miscalculating his "good time credits" pursuant to 18 U.S.C. § 3624(b). Thomas argued that the BOP incorrectly based its calculations on the number of days actually served rather than the length of the sentence imposed.

We recently addressed the identical arguments in *O'Donald v. Johns,* 402 F.3d 172 (3d Cir.2005). We concluded, as did the District Court here, that the BOP's interpretation of the statute, which utilizes a formula based on the time actually served, is reasonable.[1] We therefore will affirm the District Court's order.

---

1. In his Motion in Opposition of Summary Action, Thomas also argues that application

---

of the BOP's calculation results in an *ex post facto* violation in his case, because he was convicted in 1992 and the BOP's formal regulation was not adopted until 1997. "We generally do not address arguments that were not made in the district court and we therefore decline to consider the appellant['s] current argument as a ground for reversing the deci-

sion of the district court." *Ziccardi v. City of Philadelphia*, 288 F.3d 57, 65 (3d Cir.2002).